UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED

JAN - 8 2009

FOUNDERS INSURANCE COMPANY, )
       Plaintiff, )
             )       Civil Action No. 1:08-CV-4509
v. )
INSURANCE DESIGNERS OF MARYLAND, )       Judge Kendall
INC.; THE AGENCY, LLC; INDEMNITY )
INSURANCE CORPORATION OF DC, RISK )
RETENTION GROUP; and JEFFREY B. COHEN, )   Magistrate Judge Cox
       Defendants. )
             )

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Insurance Designers of Maryland, Inc.; The Agency, LLC; Indemnity Insurance Corporation of DC, Risk Retention Group; and Jeffrey B. Cohen (collectively "Defendants") respond as follows to the Complaint of Plaintiff Founders Insurance Company ("Plaintiff").

### ANSWER

Subject to each and every defense specified below, and without waiving the same, Defendants hereby answer the separately numbered allegations of Plaintiff's Complaint by specifically denying each and every allegation of the Complaint not specifically admitted below and by responding to the individually numbered paragraphs of the Complaint as follows:



1.      This is a Complaint for unfair competition in violation of the Lanham Act under 15 U.S.C. § 1125, the Illinois Uniform Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Trade Practices Act, and Illinois common law unfair competition, as well as tortious interference with prospective business advantage, defamation, commercial disparagement, and false light invasion of privacy.

**ANSWER:**   To the extent paragraph 1 is Plaintiff's description of its Complaint, no response is required.   To the extent a response is required, Defendants deny all allegations in paragraph 1.

2.      Plaintiff Founders Insurance Company (hereinafter "Founders") is an Illinois stock insurance company having its principal place of business located at 1645 East Birchwood Avenue, Des Plaines, Illinois 60018.   Plaintiff is in the business of insurance, and sells and distributes insurance products and services across the United States, and throughout this district.

**ANSWER:**   Defendants lack sufficient information at this time to ascertain the truth of the allegations in paragraph 2 and, therefore, deny all such allegations.

3.      Upon information and belief, Defendant Insurance Designers of Maryland, Inc. (hereinafter "IDMD") is a corporation organized under the laws of the state of Maryland and has a principal place of business located at 950 Ridgebrook Drive, Suite 1500, Sparks, Maryland 21152.   Upon information and belief, IDMD is in the business of insurance, and provides insurance services in various jurisdictions in the United States.

**ANSWER:**   Defendants admit the allegations contained in the first sentence of paragraph 3.   As to the second sentence of paragraph 3, Defendants admit that Defendant Insurance Designers of Maryland, Inc. is an insurance agency that conducts business in multiple jurisdictions in the United States. Defendants deny all the remaining allegations in paragraph 3.

2

4.    *Upon information and belief, Defendant The Agency, LLC (hereinafter "The Agency") is a limited liability company organized under the laws of the state of Maryland and has a principal place of business located at 950 Ridgebrook Drive, Suite 1500, Sparks, Maryland 21152. Upon information and belief, The Agency is in the business of insurance, and provides insurance services in various jurisdictions in the United States. Upon information and belief, the sole member of The Agency, LLC is Jeffrey B. Cohen, a resident of Maryland.*

**ANSWER:**    As to the first sentence of paragraph 4, Defendants admit that Defendant

The Agency, LLC is a limited liability company which has a principal place of business located

at 950 Ridgebrook Drive, Suite 1500, Sparks, Maryland 21152. As to the second sentence of

paragraph 4, Defendants admit that Defendant The Agency, LLC is an insurance agency that

conducts business in multiple jurisdictions in the United States. As to the third sentence in

paragraph 4, Defendants admit that Defendant Jeffrey B. Cohen is a resident of Maryland.

Defendants deny all the remaining allegations in paragraph 4.

5.    *Upon information and belief, Defendant Indemnity Insurance Corporation of DC, Risk Retention Group (hereinafter "IICDC") is a corporation organized under the laws of the District of Columbia and has a principal place of business located at 950 Ridgebrook Drive, Suite 1500, Sparks, Maryland 21152. Upon information and belief, IICDC is in the business of insurance, and provides insurance services in various jurisdictions in the United States.*

**ANSWER:**    Admit.

6.    *Upon information and belief, Defendant Jeffrey B. Cohen (hereinafter "Cohen") is an officer (president), the owner, and a director of IDMD, The Agency, and IICDC. Upon information and belief, Cohen is a resident of Maryland. Upon information and belief, at all times relevant hereto, Cohen did authorize, direct, participate in, was a moving force behind the acts complained of herein, as well as had the ability to supervise and had a financial interest in the acts complained of herein attributable to IDMD, The Agency, and IICDC constituting unfair competition, deceptive trade practices and disparagement as described herein.*

**ANSWER:**    As to the first two sentences of paragraph 6, Defendants admit that

Defendant Jeffrey B. Cohen is an officer (president) and a director of Defendant Insurance

Designers of Maryland, Inc., Defendant The Agency, LLC and Defendant Indemnity Insurance

3

Corporation of DC, Risk Retention Group, and a resident of Maryland.  Defendants deny all the

remaining allegations in paragraph 6.

> 7.      *This Court has exclusive subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).  This court further has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, in that complete diversity of citizenship exists and the amount of damages sought by Plaintiff exceeds $75,000.00 exclusive of interest and costs.  This Court further has jurisdiction over Plaintiff's related common law and state claims under 28 U.S.C. § 1338 and the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.*

**ANSWER:**    Paragraph 7 states legal conclusions to which no response is required.  To

the extent a response is required, Defendants admit that this Court has subject matter jurisdiction

over this case and deny all remaining allegations in paragraph 7.

> 8.      *Upon information and belief, all of the Defendants committed the acts constituting unfair competition, deceptive trade practices and disparagement as described herein within Illinois and within this Judicial District.  In committing such acts, Defendants targeted their activities and communicated directly to residents and/or businesses within Illinois and within this Judicial District.  Requiring Defendants to respond to this action will not violate due process.  Defendants are subject to the personal jurisdiction of this Court and are amenable to service of process pursuant to the Illinois long-arm statute, 735 ILCS 5/2-209, and Rules 4(e) and 4(h) of the Federal Rules of Civil Procedure.*

**ANSWER:**    Denied.

> 9.      *Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) and (c).*

**ANSWER:**    Paragraph 9 states legal conclusions to which no response is required.  To

the extent a response is required, Defendants deny all allegations in paragraph 9.

> 10.     *Plaintiff hereby incorporates paragraphs 1 through 9 of the Complaint as if fully set forth herein.*

**ANSWER:**    Paragraph 10 contains no factual allegations; as such, no response is

required.  To the extent a response is required, Defendants incorporate their responses in

paragraphs 1-9 of this Answer as if fully set forth herein.

4

11.     Plaintiff is, and at all relevant times was, engaged in selling and distributing insurance products and services across the United States.

**ANSWER:**   Defendants lack sufficient information at this time to ascertain the truth of

the allegations in paragraph 11 and, therefore, deny all such allegations.


12.     In the conduct of its insurance business, Plaintiff has contracted with, and has the expectancy to contract in the future with, a number of insurance and reinsurance providers, including but not limited to:

      (a)    TOA Re-Insurance Company of America (hereinafter "TOA")
           177 Madison Avenue
           Morristown, NJ 07962

      (b)    SCOR Insurance Company (hereinafter "SCOR")
           One Pierce Place
           Suite 600
           Itasca, Illinois 60143

      (c)    Platinum Underwriters Reinsurance, Inc. (hereinafter "Platinum")
           2 World Financial Center
           225 Liberty Street, Suite 2300
           New York, NY 10281

**ANSWER:**   Defendants lack sufficient information at this time to ascertain the truth of

the allegations in paragraph 12 and, therefore, deny all such allegations.


13.     Upon information and belief, on or about July 30, 2008, Defendants distributed to TOA, SCOR, Platinum, and other third parties disparaging correspondence and promotional materials embodied in the form of written correspondence.

**ANSWER:**   Denied.


14.     Upon information and belief, the disparaging correspondence and promotional materials were distributed using U.S. mail as well as electronic mail. Upon information and belief, mailings of the disparaging correspondence and promotional materials were dispatched from the offices of Defendants IDMD, The Agency and IICDC located in Sparks, Maryland.

**ANSWER:**   Denied.


15.     Upon information and belief, the disparaging correspondence and promotional materials   were   also   distributed   using   electronic   mail   from   the   e-mail   address

5

*concernedunderwriter@yahoo.com which is a Yahoo! Inc. email account created and set up contemporaneously by Defendants for the sole purpose of distributing the disparaging correspondence and promotional materials.  Upon information and belief, the subject email account was set up, created, accessed, and used either from computers located at the offices of Defendants IDMD, The Agency and IICDC located in Sparks, Maryland, or elsewhere by employees, agents, officers or directors of Defendants IDMD, The Agency and IICDC for the purposes of dispatching disparaging correspondence and promotional materials.*

      **ANSWER:**   Denied.

    *16.    Upon information and belief, each of the Defendants' activities in dispatching the disparaging correspondence and promotional materials is and was knowing and willful, and performed with a conscious disregard of Plaintiff's rights.*

      **ANSWER:**   Denied.

    *17.    Defendants dispatched the disparaging correspondence and promotional materials to TOA, SCOR, Platinum, and upon information and belief, other third parties within and outside of this Judicial District.*

      **ANSWER:**   Denied.

## Count I: Violation of Section 1125(a) of the Lanham Act

    *18.    Plaintiff hereby incorporates paragraphs 1 through 17 of the Complaint as if fully set forth herein.*

      **ANSWER:**   Paragraph 18 contains no factual allegations; as such, no response is required. To the extent a response is required, Defendants incorporate their responses in paragraphs 1-17 of this Answer as if fully set forth herein.

    *19.    Plaintiff hereby alleges that the acts attributable to the Defendants and described herein constitute federal unfair competition in violation of Section 1125(a) of the Lanham Act. 15 U.S.C. § 1125(a).*

      **ANSWER:**   Denied.

6

20.     *Defendants' distribution and dissemination of the disparaging correspondence and promotional materials in interstate commerce constitute false and misleading descriptions and representations of fact which misrepresent the nature, characteristics, and qualities of Plaintiff's insurance products, services, and activities.*

**ANSWER:**   Denied.

21.     *As a direct and proximate result of such activities, Plaintiff has incurred and will in the future incur damages.*

**ANSWER:**   Denied.

### Count II:  Common Law Unfair Competition

22.     *Plaintiff hereby incorporates paragraphs 1 through 21 of the Complaint as if fully set forth herein.*

**ANSWER:**   Paragraph 22 contains no factual allegations; as such, no response is required. To the extent a response is required, Defendants incorporate their responses in paragraphs 1-21 of this Answer as if fully set forth herein.

23.     *Plaintiff hereby alleges that the acts attributable to the Defendants and described herein constitute Illinois state common law unfair competition.*

**ANSWER:**   Denied.

24.     *Defendants' distribution and dissemination of the disparaging correspondence and promotional materials in interstate commerce constitute false and misleading descriptions and representations of fact which misrepresent the nature, characteristics and qualities of Plaintiff's insurance products, services, and activities.*

**ANSWER:**   Denied.

25.     *As a result of their actions as pleaded herein, Defendants have misappropriated valuable property rights of Plaintiff, are likely to cause and continue to cause confusion as to the nature and quality of Plaintiff's insurance products; services and activities. By virtue of the aforementioned acts, Defendants engaged in unfair competition with respect to Plaintiff in violation of the common law of unfair competition of the State of Illinois.*

**ANSWER:**   Denied.

7

26.     As a direct and proximate result of such activities, Plaintiff has incurred and will in the future incur damages.

**ANSWER:**   Denied.

### Count III: Illinois Uniform Deceptive Trade Practices Act

27.     Plaintiff hereby incorporates paragraphs 1 through 26 of the Complaint as if fully set forth herein.

**ANSWER:**   Paragraph 27 contains no factual allegations; as such, no response is required. To the extent a response is required, Defendants incorporate their responses in paragraphs 1-26 of this Answer as if fully set forth herein.

28.     Plaintiff hereby alleges violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et. seq.

**ANSWER:**   Denied.

29.     Defendants' distribution and dissemination of the disparaging correspondence and promotional materials in interstate commerce constitute false and misleading descriptions and representations of fact which misrepresent the nature, characteristics, and qualities of Plaintiff's insurance products, services, and activities.

**ANSWER:**   Denied.

30.     Defendants' distribution and dissemination of the disparaging correspondence and promotional materials disparages the goods, services and business of the Plaintiff by false and misleading representations of fact.

**ANSWER:**   Denied.

31.     Furthermore, Defendants' distribution and dissemination of the disparaging correspondence and promotional materials improperly represents that Plaintiff's goods and services have characteristics which they do not have, and engages in conduct which creates a likelihood of misunderstanding of Plaintiff's products, services, and business.

**ANSWER:**   Denied.

32.     Defendants' aforesaid activities are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

**ANSWER:**   Denied.

33.     As a direct and proximate result of such activities, Plaintiff has incurred and will in the future incur damages.

**ANSWER:**   Denied.

### Count IV: Illinois Consumer Fraud and Deceptive Trade Practices Act

34.     Plaintiff hereby incorporates paragraphs 1 through 33 of the Complaint as if fully set forth herein.

**ANSWER:**   Paragraph 34 contains no factual allegations; as such, no response is required. To the extent a response is required, Defendants incorporate their responses in paragraphs 1-33 of this Answer as if fully set forth herein.

35.     Plaintiff hereby alleges violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 et. seq.

**ANSWER:**   Denied.

36.     Defendants' distribution and dissemination of the disparaging correspondence and promotional materials in interstate, commerce constitute false and misleading descriptions and representations of fact which misrepresent the nature, characteristics, and qualities of Plaintiff's insurance products, services, and activities.

**ANSWER:**   Denied.

37.     The aforesaid conduct by Defendants implicates consumer protection concerns, including inter alia, by deceiving consumers and other members of the public, including people who might otherwise consider doing business with Plaintiff.

**ANSWER:**   Denied.

38.     Such deceptive conduct constitutes violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

     **NSWER:**    Denied.

39.     Pursuant to 815 ILCS 505/10a and /10c, Plaintiff is entitled to recover its actual damages as well as costs and attorneys' fees.

     **ANSWER:**    Denied.

40.     The conduct of Defendants complained of herein is outrageous and such acts, upon information and belief, were performed with malice, evil motive, or reckless indifference toward rights of Plaintiff, consumers, and others.  As a direct result thereof, Plaintiff is entitled to an award of punitive damages pursuant to the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

     **ANSWER:**    Denied.

41.     Pursuant to 815 ILCS 510/3 Plaintiff is entitled to injunctive relief against Defendants to enjoin present and future deceptive conduct, as well as for an award of Plaintiff's costs and attorneys' fees.

     **ANSWER:**    Denied.

42.     Defendants' aforesaid activities disparage the goods, services and business of the Plaintiff by false and misleading representations of fact, improperly represents that Plaintiff's goods and services have characteristics which they do not have, and engages in conduct which creates a likelihood of misunderstanding of Plaintiff's products, services, and business, in violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1.

     **ANSWER:**    Denied.

43.     As a direct and proximate result of such activities, Plaintiff has incurred and will in the future incur damages.

     **ANSWER:**    Denied.

<u>*Count V – Tortious Interference with Prospective Business Advantage*</u>

44.    *Plaintiff hereby incorporates paragraphs 1 through 43 of the Complaint as if fully set forth herein.*

**ANSWER:**    Paragraph 44 contains no factual allegations; as such, no response is required. To the extent a response is required, Defendants incorporate their responses in paragraphs 1-43 of this Answer as if fully set forth herein.

45.    *Plaintiff had a reasonable expectation of entering into additional valid business relationships with a variety of reinsurers, including TOA, SCOR, Platinum and others, relating to Plaintiff's reinsurance needs.*

**ANSWER:**    Defendants lack sufficient information at this time to ascertain the truth of the allegations in paragraph 45 and, therefore, deny all such allegations.

46.    *Defendants knew of Plaintiff's expectancy for such ongoing reinsurance relationships.*

**ANSWER:**    Denied.

47.    *Defendants activities in distribution and dissemination of the disparaging correspondence and promotional materials were performed purposely and intentionally to cause interference between Plaintiff and such reinsurers, and to prevent Plaintiff's legitimate business expectancies from ripening into valid business relationships.*

**ANSWER:**    Denied.

48.    *As a direct result of such activities, Plaintiff has suffered damages from such interference.*

**ANSWER:**    Denied.

## Count VI:  Defamation

49.     *Plaintiff hereby incorporates paragraphs 1 through 48 of the Complaint as if fully set forth herein.*

**ANSWER:**   Paragraph 49 contains no factual allegations; as such, no response is required. To the extent a response is required, Defendants incorporate their responses in paragraphs 1-48 of this Answer as if fully set forth herein.

50.     *Upon information and belief, the false statements made by the Defendants in distribution and dissemination of the disparaging correspondence and promotional materials included statements that Plaintiff was unethical, untruthful, fraudulent, lacked integrity and character in performing its business, and other statements disparaging Plaintiff's ability to perform its business.*

**ANSWER:**   Denied.

51.     *Such statements related to Plaintiff's business constitute defamation per se.*

**ANSWER:**   Paragraph 51 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 51.

52.     *As a direct and proximate result of such false statements, Plaintiff has incurred and will in the future incur damages relating to loss of business, interference with contractual relations with its re-insurers, damage to reputation, and other damages.*

**ANSWER:**   Denied.

## Count VII – Commercial Disparagement

53.     *Plaintiff hereby incorporates paragraphs 1 through 52 of the Complaint as if fully set forth herein.*

**ANSWER:**   Paragraph 53 contains no factual allegations; as such, no response is required. To the extent a response is required, Defendants incorporate their responses in paragraphs 1-52 of this Answer as if fully set forth herein.

54. *Upon information and belief, the false statements made by the Defendants in distribution and dissemination of the disparaging correspondence and promotional materials constitute false and demeaning statements regarding the quality of Plaintiff's products and professional services.*

**ANSWER:**   Denied.

55. *As a direct and proximate result of such false statements, Plaintiff has incurred and will in the future incur damages relating to loss of business, interference with contractual relations with its re-insurers, damage to reputation, and other damages.*

**ANSWER:**   Denied.

### Count VIII – False Light Invasion of Privacy

56. *Plaintiff hereby incorporates paragraphs 1 through 55 of the Complaint as if fully set forth herein.*

**ANSWER:**   Paragraph 56 contains no factual allegations; as such, no response is required. To the extent a response is required, Defendants incorporate their responses in paragraphs 1-55 of this Answer as if fully set forth herein.

57. *Upon information and belief, the false statements made by the Defendants in distribution and dissemination of the disparaging correspondence and promotional materials place Plaintiff in a false light before the public.*

**ANSWER:**   Denied.

58. *Such false light would be, and is, offensive to a reasonable person.*

**ANSWER:**   Denied.

59. *In making such statements, the Defendants acted with actual malice.*

**ANSWER:**   Denied.

13

60.     As a direct and proximate result of such false statements, Plaintiff has incurred and will in the future incur damages relating to loss of business, interference with contractual relations with its re-insurers, damage to reputation, and other damages.

**ANSWER:**    Denied.

61.     As a direct and proximate result of such statements, Plaintiff has suffered harm and damage to its reputation.

**ANSWER:**    Denied.

### _Prayer for Relief_

WHEREFORE, Plaintiff requests the following:

1.     That the Defendants, and their respective officers, agents, servants, employees, attorneys, and all those in active concert or participation with them, be preliminarily and permanently enjoined from:

  A.     directly or indirectly disparaging Plaintiff, and its products, services, and business;

  B.     making, distributing or disseminating false and misleading descriptions and representations of fact which misrepresent the nature, characteristics, and qualities of Plaintiff's insurance products, services, and activities; and

  C.     unfairly competing with Plaintiff in any manner whatsoever.

2.     That the Defendants be ordered to destroy all documents, disparaging correspondence and promotional materials in their possession, custody or control, that Defendants recall all such documents, disparaging correspondence and promotional materials from all recipients to which they were sent, and that Defendants be required to issue retractions to all such recipients of the false and misleading statements.

3.     That Plaintiff be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

  A.     all profits received by Defendants from sales and revenues of any kind in connection with the unfair competition and disparaging statements made as described herein;

  B.     all damages sustained by Plaintiff as a result of Defendants' acts of unfair competition, deceptive trade practices and violation of the common law of Illinois and that such damages be trebled;

14

      C.      *all damages sustained by Plaintiff as a result of Defendants' acts of defamation, commercial disparagement, false light invasion of privacy, and tortious interference with prospective business advantage; and*

      D.      *punitive damages in an amount sufficient to punish Defendants for their willful, wanton, and reckless behavior and to deter future such behavior by Defendants and others.*

4.     *That the Defendants be ordered to compensate Plaintiff in an amount that would enable it to conduct corrective advertising reasonably calculated to remedy any consumer confusion created as a result of Defendants' unlawful actions.*

5.     *That, pursuant to 15 U.S.C. § 1116, the Defendants be directed to file with the Court and serve upon Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.*

6.     *That Plaintiff be awarded its attorneys fees and costs, and pre-judgment and post-judgment interest.*

7.     *That Plaintiff have such other and further relief as this Court may deem just.*

**ANSWER:**   Defendants deny that Plaintiff is entitled to the relief sought in the Prayer for Relief and further request that judgment be entered in Defendants' favor and against Plaintiff.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

### SECOND DEFENSE

The Complaint must be dismissed because it fails to identify any statement by Defendants which is alleged to be false.

### THIRD DEFENSE

Defendants at all times acted in good faith in dealing with the Plaintiff.

### FOURTH DEFENSE

Defendants did not engage in any misrepresentations, false statements, fraud, omission of material facts or other conduct alleged in the Complaint.

### FIFTH DEFENSE

The claims asserted in the Complaint are barred in whole or in part because Defendants did not breach any common law or statutory duty owed to Plaintiff.

### SIXTH DEFENSE

All claims asserted in the Complaint are barred because Defendants did not engage in any unlawful conduct, and no act or omission of Defendants caused Plaintiff any injury, including the injuries alleged in the Complaint.

### SEVENTH DEFENSE

The claims asserted in the Complaint are barred because Plaintiff has not sustained any monetary damages and, more fundamentally, Defendants did not legally cause any of the damages claimed in the Complaint, and Plaintiff has not suffered any pecuniary injury or damage by reason of any act or omission by Defendants.

### EIGHTH DEFENSE

The Complaint fails to allege a basis for the relief claimed, including without limitation, Plaintiff's claims for punitive damages.

### NINTH DEFENSE

Plaintiff's claims are barred in whole or in part by the failure to mitigate damages, if any, and by failing to act reasonably and with due diligence.

### TENTH DEFENSE

Plaintiff lacks standing to bring some or all of the claims asserted against Defendants.

### ELEVENTH DEFENSE

To the extent Plaintiff seeks equitable, injunctive, or declaratory relief, such relief is barred because Plaintiff has an adequate remedy at law.

### TWELFTH DEFENSE

The Complaint fails to plead Plaintiff's statutory and common-law fraud-based claims and contentions with the particularity required by Federal Rule of Civil Procedure 9(b).

### THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine *in pari delicto* and/or unclean hands.

### FOURTEENTH DEFENSE

Defendants are not responsible and are not the legal or proximate cause of any damages resulting from any acts, representations, or omissions by independent third parties which were not authorized and/or were not performed with actual, implied, or apparent authority. Plaintiff is not entitled to recover from Defendants because none of Plaintiff's alleged damages were caused by any act or omission of Defendants.

17

### FIFTEENTH DEFENSE

Some or all of Plaintiff's claims are barred because Defendants have fully complied with all applicable legal and administrative requirements, statutes and regulations, and their actions conformed in every respect to accepted industry standards and practices.

### SIXTEENTH DEFENSE

Some or all of Plaintiff's claims are barred as a matter of law by the "innocent construction" rule.

### SEVENTEENTH DEFENSE

Defendants are shielded from liability under federal and state opinion privileges.

### EIGHTEENTH DEFENSE

Some or all of Plaintiff's claims are barred by common-law qualified privileges, including the privilege for business communications from publisher to recipient who has a right to receive the communication.

### NINETEENTH DEFENSE

Some or all of Plaintiff's claims are barred by the absolute or qualified statutory privilege for speech relating to insurance policies.

### TWENTIETH DEFENSE

Some or all of Plaintiff's claims are barred by the fair comment privilege, and/or the substantial truth doctrine.

### TWENTY-FIRST DEFENSE

Plaintiff fails to state a claim for defamation because Defendants' statements are not defamatory when taken in context.

### TWENTY-SECOND DEFENSE

Defendants' statements are true and/or are not false.

18

### TWENTY-THIRD DEFENSE

Defendants' statements constitute pure opinion, or are opinions based on true stated facts.

### TWENTY-FOURTH DEFENSE

Plaintiff fails to state a claim for defamatory or false light privacy because Defendants' statements are "substantially true."

### TWENTY-FIFTH DEFENSE

Defendants did not publish any statements with actual malice, or a reckless indifference toward the rights of Plaintiff.

### TWENTY-SIXTH DEFENSE

Defendants did not act with an evil motive.

### TWENTY-SEVENTH DEFENSE

Defendants published no statements with the requisite level of fault to state a claim for defamation, disparagement, or false light privacy.

### TWENTY-EIGHTH DEFENSE

The alleged expression that is the subject of Plaintiff's claims in this case is protected under the First Amendment of the United States Constitution and similar state constitutional and common law provisions, which protect various forms of speech and other expression including criticisms on matters of public interest or concern.

### TWENTY-NINTH DEFENSE

Plaintiff is barred from bringing statutory claims in this case to the extent it is not a member of the class of persons the statute was intended to protect and/or the statute does not provide for a private right of action.

### THIRTIETH DEFENSE

Some or all of Plaintiff's claims cannot stand because any allegedly false or misleading statement attributed to Defendants was not made in the context of "commercial advertising or promotion."

### THIRTY-FIRST DEFENSE

Some or all of Plaintiff's claims are barred as a matter of law by the "competitor's privilege."

### THIRTY-SECOND DEFENSE

Plaintiff's Lanham Act claims are barred because Defendants made no statements likely to cause confusion.

### THIRTY-THIRD DEFENSE

Plaintiff's Lanham Act claims are barred because statements published to underwriters are not likely to cause confusion, nor are they within the ambit of the Act.

### THIRTY-FOURTH DEFENSE

Plaintiff is not entitled to attorneys' fees in this case because: (1) there is no common law right to attorneys' fees on the facts and circumstances of this case; and (2) Plaintiff cannot meet the requirements for establishing statutory entitlement to attorneys' fees, including demonstration of malice.

### THIRTY-FIFTH DEFENSE

Plaintiff is not entitled to damages under the Illinois Uniform Deceptive Trade Practices Act (UDTPA), which codifies the common law tort of commercial disparagement under Illinois law, because the UDTPA only permits private suits for injunctive relief.

20

### THIRTY-SIXTH DEFENSE

Plaintiff's UDTPA claim is not actionable to the extent its seeks redress for statements that impute a want of integrity.

### THIRTY-SEVENTH DEFENSE

Plaintiff's UDTPA claim fails because Defendants disseminated no deceptive statements, nor are any alleged.

### THIRTY-EIGHTH DEFENSE

Plaintiff lacks standing to pursue injunctive relief because it cannot establish that it is likely to be damaged in the future by Defendants' conduct.

### THIRTY-NINTH DEFENSE

Plaintiff has no claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (CFDBPA) because any alleged statement in this case was not made to consumers or in the general marketplace.

### FORTIETH DEFENSE

Plaintiff's claims, including defamation and false light, fail because the allegedly defamatory statement is capable of an innocent, non-defamatory construction.

### FORTY-FIRST DEFENSE

To the extent Plaintiff's defamation *per se* claim fails, so too does his claim for false light invasion of privacy.

### FORTY-SECOND DEFENSE

Plaintiff's invasion of privacy claim fails because any disparaging statements involved facts of public concern.

## FORTY-THIRD DEFENSE

Plaintiff's invasion of privacy claim fails because no disparaging statements were published or identified to the public.

## FORTY-FOURTH DEFENSE

All claims asserted in the Complaint are barred by the doctrine *de minimis non curat lex* and associated case authority.

## FORTY-FIFTH DEFENSE

Plaintiff's claims fail because there was no unprivileged publication to a third party.

## FORTY-SIXTH DEFENSE

Any award of punitive damages in this case would run afoul of the United States Constitution, as well as state constitutional law, because without limitation:

(1) any punitive damages award would violate Defendants' rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and/or the analogous provisions of the state constitution, including their due process rights;

(2) punitive damages and any method by which they might be assessed in this case are unconstitutionally vague and not rationally related to a legitimate government interest;

(3) an award of punitive damages as sought by Plaintiff under state law is subject to no maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that a jury may impose, and would violate due process;

(4) the imposition of punitive damages against Defendants based upon theories of respondeat superior, vicarious liability, or joint and several liability would be improper and would violate due process;

(5) impermissibly, there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court

and appellate review mechanisms to constitutionally confirm any punitive damage award, imposition of a punitive damage award would allow a verdict tainted by passion and prejudice, and Plaintiff impermissibly seeks punitive damages which bear no constitutional relationship to the alleged actual amount in question;

(6) the imposition of punitive damages in this case measured by or with reference to the wealth or net worth of Defendants would constitute an impermissible punishment of status, and would violate the legal standards set forth by the United States Supreme Court governing punitive damages;

(7) punitive damages are penal in nature and, consequently, Defendants are entitled to the same procedural and substantive safeguards afforded to criminal defendants;

(8) the right against self-incrimination would be violated by imposing punitive damages against Defendants, which are penal in nature, while also compelling Defendants to produce documents and evidence to be used against them;

(9) it is unconstitutional to impose punitive damages against Defendants which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(10) inasmuch as this proceeding is essentially and effectively criminal in nature, Defendants are being denied the requirement of notice of the elements of the offense; and

(11) any award of punitive damages would be an excessive fine in contravention of the Eighth Amendment.

### FORTY-SEVENTH DEFENSE

Punitive damages are not allowed in this case to the extent that such damages are unavailable for some or all of Plaintiff's claims; and/or to the extent that a punitive award would violate state and/or federal statutory law providing for a penalty.

### FORTY-EIGHTH DEFENSE

Plaintiff's tortious interference with prospective business advantage claim is barred to the extent that any disparaging statements by Defendants: (1) were made to protect Defendants' own economic or financial interests; (2) were privileged or justified; (3) constituted "honest advice" in Plaintiff's best interest; or (4) failed to concern the existence of a business relationship with identifiable, as opposed to an amorphous class of, customers.

Defendants reserve the right to assert additional defenses as may be disclosed during the course of additional investigation and discovery.

WHEREFORE, Defendants, having fully and completely responded to each and every allegation and claim in the Complaint, pray that Plaintiff take nothing, that this action be dismissed in its entirety, that it recover attorneys' fees and costs for defending this action, and for such other and further relief as the Court deems just and proper.

<u>Defendants' Attorneys:</u>

      /s/ Troy C. Owens
      Troy C. Owens

Troy C. Owens, Esq. (6208293)
Brian M. Laughlin, Esq. (6216413)
Owens & Laughlin, LLC
9 West Crystal Lake Road, Suite 210
Lake in the Hills, Illinois 60156
Phone (847) 854-8700
Fax (847) 854-8777
Email: towens@owenslaughlin.com
Email: blaughlin@owenslaughlin.com

Franklin G. Burt, Esq. (Fed. I.D. No. 197964)
Jorden Burt LLP
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC 20007-5208
Phone (202) 965-8100
Fax (202) 965-8104
Email  fbg@jordenusa.com

## CERTIFICATE OF SERVICE

Troy C. Owens, an attorney, certifies that on January 5, 2009, he caused the foregoing **Defendants' Answer and Defenses To Plaintiff's Complaint** to be filed electronically, and to be served on the following person(s) by the Court's electronic filing system to all ECF registered parties indicated on the electronic filing receipt, by email, and by mailing first class, postage prepaid:

Vladimir I. Arezina
Patti, Hewitt & Arezina LLC
One North LaSalle Street, Suite 4400
Chicago, IL 60602
Phone: 312-346-2800
Fax: 312-346-2810
Email: varezina@phalegal.com

                                      s/s Troy C. Owens
                                        Troy C. Owens, Esq.

174264v.4